| | | | |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | | **BROWN** |
| Kanye West et al vs. Wisconsin Elections Commission | **Electronic Filing Notice** | | |
| | Case No. 2020CV000812 Class Code: Declaratory Judgment | | |

**FILED**
**08-28-2020**
**Clerk of Circuit Court**
**Brown County, WI**
**2020CV000812**
**Honorable John P. Zakowski**
**Branch 6**

WISCONSIN ELECTIONS COMMISSION
THIRD FLOOR
212 EAST WASHINGTON AVENUE
MADISON WI 53703

Case number 2020CV000812 was electronically filed with/converted by the Brown County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 763972**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 920-448-4155.

Brown County Circuit Court
Date: August 28, 2020

GF-180(CCAP), 06/2017 Electronic Filing Notice   §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Case 1:20-cv-01348-WCG   Filed 09/01/20   Page 1 of 19   Document 1-1   Ex. A

FILED
08-28-2020
Clerk of Circuit Court
Brown County, WI
2020CV000812
Honorable John P. Zakowski
Branch 6

# WISCONSIN CIRCUIT COURT
# BROWN COUNTY

| | |
|---|---|
| Kanye West, Michelle Tidball, and Fred Krumberger, | Case No. _____ |
| Plaintiffs, | |
| v. | **Summons** |
| Wisconsin Elections Commission, | |
| Defendant. | |

THE STATE OF WISCONSIN, To Wisconsin Elections Commission, 212 East Washington Avenue, Third Floor, Madison, WI 53703:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 100 South Jefferson Street, Green Bay, WI 54301 and to Erick G. Kaardal and Gregory M. Erickson, Plaintiffs' attorneys, whose address is 150 South Fifth Street, Suite 3100, Minneapolis, MN 55402. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

|  |  |
|---|---|
| Dated: August 28, 2020. | /s/Erick G. Kaardal<br>Erick G. Kaardal, 1035141<br>Gregory M. Erickson, 1050298<br>Mohrman, Kaardal & Erickson, P.A.<br>150 South Fifth Street, Suite 3100<br>Minneapolis, MN 55402<br>Telephone:　(612) 341-1074<br>Facsimile:　(612) 341-1076<br>Email:　　　kaardal@mklaw.com<br>Email:　　　erickson@mklaw.com<br>Attorney for the Plaintiffs |

FILED
08-28-2020
Clerk of Circuit Court
Brown County, WI
2020CV000812
Honorable John P.
Zakowski
Branch 6

**WISCONSIN CIRCUIT COURT
BROWN COUNTY**

| | |
|---|---|
| Kanye West, Michelle Tidball, and Fred Krumberger, <br><br> Plaintiffs, <br><br> v. <br><br> Wisconsin Elections Commission, <br><br> Defendant. | Case No. _____ <br><br><br> **Complaint** |

The plaintiffs allege the following for their complaint.

### Introduction

The decision of the Wisconsin Elections Commission ("the Commission") to deny Kanye West's and Michelle Tidball's nominating papers for President and Vice President, respectively, as untimely has exceeded its authority under Article II, § 1, cl. 2 of the United States Constitution. Article II, § 1, cl. 2, provides that "[e]ach State shall appoint, in such Manner as the *Legislature* thereof may direct," electors for President and Vice President. (Emphasis added.) Accordingly, the Commission in its decision cannot add or subtract from legislatively-enacted statutes directing the appointment of electors for President and Vice President.

In this case, the Commission unconstitutionally added an unconstitutional requirement to Wisconsin Statutes § 8.20(8)(am) affecting the deadline for filing of the nomination papers. The Commission imposed a more restrictive time limitation for nomination papers to be submitted than the statutory "not later than 5 p.m." The

Commission also impeded the election nomination process by not unlocking building doors after 4:30 p.m. knowing that a candidate needed immediate access when arriving immediately before the statutory deadline of "not later than 5 p.m."

The Commission accepted the Plaintiffs' nomination papers for Kanye West as President and Michelle Tidball for Vice President, but treated them as untimely under the statutory deadline of "not later than 5 p.m." To the contrary, even assuming that the nominating petition papers were accepted by a Commission Elections Specialist at 5:00:14 p.m., that too satisfies the § 8.20(8)(am) statutory text of "not later than 5 p.m." because it was not 5:01 p.m. yet. The Commission, unconstitutionally under Article II, § 1, cl. 2, inserted into the text of § 8.20(8)(am), the text ":00:00" between the statutory text of "5" and "p.m." to claim that 14 seconds within that period were cause to declare the West nomination papers as untimely. Under Article II, § 1, cl. 2, the Commission exceeded its legal authority by unconstitutionally adding a requirement to what the "legislature" had directed in § 8.20(8)(am).

By taking these actions, the Commission violated Article II, § 1, cl. 2 of the United States Constitution; thus, the plaintiffs' nomination papers were timely under Wisconsin Statutes § 8.20(8)(am). The Court should issue a declaratory judgment and an injunction in favor of Kanye West and Michelle Tidball to place them on Wisconsin's November 3 general election ballot as candidates for President and Vice President, respectively.

## Jurisdiction and Venue

1.      The Plaintiffs invoke this Court's jurisdiction under Wisconsin Statutes § 5.06, section 8. The statute reads:

> (8) Any election official or complainant who is aggrieved by an order issued under sub. (6) may appeal the decision of the commission to circuit court for the county where the official conducts business or the complainant resides no later than 30 days after issuance of the order. Pendency of an appeal does not stay the effect of an order unless the court so orders.

2. The Plaintiffs seek declaratory injunctive relief under the Wisconsin Declaratory Judgments Act under Wisconsin Statutes § 806.04.

3. Venue is proper in this Court under Wisconsin Statutes 801.50 because Plaintiff and presidential elector Fred Krumberger resides in Brown County.

## Parties

**A. The Plaintiffs**

***Plaintiff Fred Krumberger***

4. Plaintiff Fred Krumberger is a presidential elector for Kanye West and Michelle Tidball and is a voter, resident, and taxpayer in Wisconsin. He resides in Brown County.

***Plaintiff Kanye West***

5. Plaintiff Kanye West is a candidate for President of the United States and is a voter, resident, and taxpayer in Wyoming.

***Plaintiff Michelle Tidball***

6. Plaintiff Michelle Tidball is a candidate for Vice President of the United States and is a voter, resident, and taxpayer in Wyoming.

***Defendant Wisconsin Elections Commission***

7. Defendant Wisconsin Elections Commission is an executive branch agency located in Madison, Wisconsin.

## Standing

8. Plaintiffs have suffered a real and concrete injury that is directly traceable to the Defendant Wisconsin Elections Commission under Wisconsin Statutes § 5.06, section 8.

9. Plaintiff Kanye West and his running mate Michelle Tidball, have been denied access to Wisconsin's November 2020 general election ballot as presidential and vice-presidential candidates, respectively, because of the Commission's decision.

10. Fred Krumberger, as a West and Tidball presidential elector and voter, has been denied his right to cast his support for them in the December 2020 Electoral College vote if Kanye West wins the Wisconsin popular vote in the November 3 general election.

11. The injury is caused by the Defendant Commission's decision dated August 20, 2020. A true and correct copy of the decision is attached as Exhibit A.

12. The Court's declaratory judgment and injunction requiring Kanye West and his running mate Michelle Tidball to be on the general election ballot will redress the plaintiffs' injuries.

## Statement of Facts

### Procedural Background

13. Supporters of Kanye West for President collected signatures from Wisconsin voters on nomination papers on or about August 3rd and 4th to add Mr. West and his vice-presidential running mate Michelle Tidball to Wisconsin's November 2020 general election ballot

14. Kanye West and Michelle Tidball are independent candidates for President and Vice President, respectively.

15. West announced his candidacy for President on July 4, 2020, and named Tidball as his running mate shortly thereafter.

16. It is undisputed that the nominating papers complied with Wisconsin's regulations regulating all candidates for public office. Wisconsin Election Law 2.05, subdivisions (1) and (2):

> (1) Each candidate for public office has the responsibility to assure that his or her nomination papers are prepared, circulated, signed, and filed in compliance with statutory and other legal requirements.
>
> (2) In order to be timely filed, all nomination papers shall be in the physical possession of the filing officer by the statutory deadline. Each of the nomination papers shall be numbered, before they are filed, and the numbers shall be assigned sequentially, beginning with the number "1". Notwithstanding any other provision of this chapter, the absence of a page number will not invalidate the signatures on that page.

17. After obtaining the more than the minimum necessary number of voter signatures—over 2,000—supporters of the West campaign filed the nominating papers with the Commission.

18. Supporters of the West campaign complied with the requirements of Wisconsin Statutes § 8.20(8)(am) regarding when signatures could be acquired and the filing deadline, here, August 4:

> Nomination papers for independent candidates for president and vice president, and the presidential electors designated to represent them, may be circulated no sooner than July 1 and may be filed not later than 5 p.m. on the first Tuesday in August preceding a presidential election.

5

19. The nomination papers were filed with the Commission office, located on the third floor of the office building located at 212 East Washington Avenue in Madison on August 4.

20. Among representatives of the West campaign at the time of the Commission filing was attorney Lane Ruhland of the Husch Blackwell law firm.

**The Commission knowingly kept the building's doors locked which impeded access to the Commission's offices.**

21. On August 4, Ms. Ruhland was in contact with the Commission staff regarding West's nomination papers, namely issues related to general compliance.

22. On August 4, the Commission staff told Ms. Ruhland in a phone conversation that the building at 212 East Washington Avenue, Madison—the Commission office's location—would be locked.

23. The Commission staff also verbally communicated that the second layer of double doors to the main floor of the building, the only access to the building, would be locked.

24. At all times, the Commission knew of the statutory deadline for candidates to file their nominating papers. The Commission knew the statutory deadline to be "not later than 5 p.m."

25. At all times, the Commission knew the building's doors would be locked before 5 p.m.

26. The building's doors were locked before 5 p.m.

27. Locked doors impede access to buildings.

28. Locked doors to the building impeded access to the Commission offices.

6

29. The Commission knew that locked doors of the building would impede free access to its office.

30. The Commission could have unlocked the building's doors prior to the statutory deadline for accepting nominating papers.

31. The Commission could have retained one of the many government employees in Madison, Wisconsin, to be at the locked door on August 4 before 5 p.m. to allow people in the locked door so that they could timely deliver their nominating papers.

32. Instead, the Commission chose to keep the building's doors locked.

33. The Commission knowingly kept the building's doors locked.

34. The locked doors impeded access for candidates and their supporters to timely deliver their nominating papers.

35. Specifically, the Commission, by keeping the building's doors locked and proceeding as it did, impeded West supporters from timely entering the building to file West's nominating papers.

36. Likewise, the Commission staff, in a conversation with Ms. Ruhland earlier on August 4, did not inform Ms. Ruhland that the Commission's general compliance telephone number she was using was NOT the phone number to contact Commission staff to open the building's locked doors.

37. Later, Commission staff instructed Ms. Ruhland that when she arrived at the building she was to call the number found on the outside of the building and thereafter, a Commission staff member would come down to the main floor and unlock the double doors of the building.

38. Ms. Ruhland and two other West nominating petition coordinators arrived at the Commission building before 5:00:00 p.m.

39. Before 5:00:00 p.m., Ms. Ruhland searched for the number outside the building to call to have Commission staff to unlock the doors and get access to the building.

40. Ms. Ruhland found the phone number posted near the inner layer of double doors. She read the phone number. She called the phone number to gain access to the locked building as Commission staff had instructed her to do.

41. As Ms. Ruhland approached the locked building to obtain the phone number to gain access, she did not see any person at the locked doors to allow her access to the building.

42. Before 5:00:00 p.m., Ms. Ruhland called the number found on the outside of the building.

43. "Not later than 5:00 p.m.," a Commission Election Specialist, unlocked the inner layer of double doors on the main floor of the building and allowed Ms. Ruhland and the other two West campaign representatives access to the building.

44. The Commission Election Specialist accepted the West nominating papers as "not later than 5 p.m."

45. Only later did the Commission find the acceptance to be late based on an estimated time of delivery of 5:00.14.

**The Election Commission failed to keep accurate track of time when approaching the time deadline for the submission of the nomination papers.**

46. Ms. Ruhland is unaware of the timing device used by the Commission to note the time, its accuracy, or its use as an official timepiece.

8

47. The Commission staff member who unlocked the locked building doors did not identify how he knew the time, what time piece he was using, or identify anyone authorized to keep time for the Commission.

48. Although the Commission accepted the nominating papers a Commission staff member stated that the acceptance occurred at 5:00:14 p.m.—14 seconds after 5:00 p.m.

49. No time stamp or other document has been provided to prove that the time was actually 5:00.14 p.m. There is no note of or any notice of any official timepiece or time keeper for the Elections Commission.

## Claim

**The Commission erroneously treated the nomination papers of the Kanye West campaign, timely under § 8.20(8)(am), as untimely.**

50. The Plaintiffs incorporate the complaint's previous paragraphs.

51. An agency decision shall be set aside or modified if the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action.

52. The Commission decision, processes, and procedures utilized to find the West campaign nomination papers as untimely resulted in unconstitutional burdens on Plaintiffs and the West campaign.

53. The Commission has exceeded its authority under Article II, § 1, cl. 2 of the United States Constitution in denying the petition as untimely.

54. Article II, § 1, cl. 2, provides that "[e]ach State shall appoint, in such Manner as the *Legislature* thereof may direct," electors for President and Vice President. (emphasis added)

55.     The Commission in its decision cannot add or subtract from legislatively-enacted statutes directing the appointment of electors for President and Vice President.

56.     In this case, the Commission unconstitutionally added two requirements to Wisconsin Statutes § 8.20(8)(am) affecting the filing of the nomination papers: (1) a procedure where petitioners had to search for a phone number on the outside of a building to call a Commission staff person to unlock the doors to the Elections Commission building; and (2) a more restrictive time limitation for nomination papers to be submitted than the statutory "not later than 5 p.m."

57.     The legislatively-enacted statute states that, "[n]omination papers for independent candidates for president and vice-president, and the presidential electors designated to represent them…may be filed not later than 5 p.m. on the first Tuesday in August preceding a presidential election." Wis. Stat. § 8.20(8)(am).

58.     Wisconsin Statutes § 8.20(8)(am), under Article II of the U.S. Constitution, precludes the Elections Commission's procedures to impede candidates to reach the Commission's office's to file nominating papers by keeping building doors locked, requiring West nominating circulators or others to search for a phone number on the outside of a building to call a Commission staff person to unlock the doors to the building to gain access to the Elections Commission.

59.     Article II of the U.S. Constitution and Wisconsin statutes require that the doors to the Commission's office—as with the November 3 polling places—must not be locked prior to statutory deadlines.

60.　　The nomination papers for Kanye West as President and Michelle Tidball for Vice President were presented to the filing officer in compliance with the statutory text "not later than 5 p.m."

61.　　Even assuming, based on an official clock, that the nominating petition papers were presented to the filing officer at 5:00:59 p.m. (which has not been alleged here) that too satisfies the § 8.20(8)(am) statutory deadline of "not later than 5 p.m." because it was not 5:01 p.m. yet. 5:00:59 p.m. would be within the statutory deadline of "not later than 5 p.m."

62.　　Only by the Commission unconstitutionally inserting into the statute ":00:00" between "5" and "p.m." could the Commission reject the nomination papers as untimely as it did. Ex. A.

63.　　By adding the two unconstitutional requirements to § 8.20(8)(am), the Commission violated Article II, § 1, cl. 2 of the United States Constitution.

64.　　The plaintiffs' nomination papers were timely under Wisconsin Statutes 8.20(8)(am).

65.　　The Court should issue a declaratory judgment and injunction in favor of the Kanye West and Michelle Tidball causing them to be on the November 3 general election ballot as candidates for President and Vice President, respectively.

**Prayer for Relief**

Therefore, the plaintiffs respectfully ask that this Court to:

1.　　Declare that Wisconsin Elections Commission acted unconstitutionally to interpret Wisconsin Statutes § 8.20(8)(am) by ultimately declaring the Kanye West and Michelle Tidball independent candidate nominating papers for President and Vice President

11

as untimely filed and that the proper interpretation of Wisconsin Statutes § § 8.20(8)(am) is nomination papers must be accepted if presented before 5:01:00 p.m.

    2.    Issue an injunction enjoining the defendant to accept the nomination papers of the plaintiffs as timely and directing the Wisconsin Elections Commission to ensure Kanye West and Michelle Tidball appear on the November 2020 general election ballot as candidates for President and Vice President;

    3.    Award the Plaintiffs all costs, expenses, and fees allowed by law; and

    4.    Award the Plaintiffs such other and further relief as this Court deems just.

Dated: August 28, 2020.

/s/Erick G. Kaardal
Erick G. Kaardal, No. 1035141
Gregory M. Erickson, No. 1050298
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
Telephone:  (612) 341-1074
Facsimile:  (612) 341-1076
Email:  kaardal@mklaw.com
Email:  erickson@mklaw.com
Attorneys for the Plaintiffs

| | | |
|---|---|---|
| Enter the name of the county in which the case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT,**<br>**BROWN**_____ **COUNTY** | **FILED**<br>**08-31-2020**<br>**Clerk of Circuit Court**<br>**Brown County, WI**<br>**2020CV000812** |
| Enter the name of the petitioner or plaintiff in that original case file. | **Petitioner/Plaintiff**:<br><br>Kanye                West<br>Michelle            Tidball<br>First name   Middle name   Last name<br>-vs-<br>**Respondent/Defendant**:<br><br>Wisconsin Elections Commission<br>First name   Middle name   Last name | **Request to Correct Error in Court Records**<br><br>Case No.<br>2020cv000812 |
| Enter the name of the respondent or defendant in that original case file. | | |
| Enter the case number. | | |

| | |
|---|---|
| For 3, describe in as much detail as you can what the error is. **Note:** The fact that you disagree with a court's decision is **NOT** an error that can be corrected.<br>For 4, write in how it is that you know that the information in the records is incorrect. | 1. I  ☒ am   ☐ am not   one of the parties to this case. If I am not a party, my relationship to this case is _____.<br><br>2. There is an error in the records of the clerk of court in the above case.<br><br>3. The following information is incorrect: Addresses of Plaintiffs Kanye West and Michelle Tidball_____.<br><br>4. I know this information is incorrect because: clerical error when loading initial case information. The correct address for Kanye West and Michelle Tidball should be:<br>3202 Big Horn Avenue, Cody, WY 82414 |
| Sign your name, print your name on the line and date the document. | ▶/s/Erick G. Kaardal<br>Signature<br>Erick G. Kaardal<br>Name Printed or Typed<br>150 S 5th St., Ste. 3100, Mpls MN 55402<br>Address<br>612-341-1074<br>Daytime Phone / Fax Number<br>August 28, 2020<br>Date |

GF-184A, 02/18 Request to Correct Error in Court Records
**This form shall not be modified. It may be supplemented with additional material.**

Case 1:20-cv-01348-WCG   Filed 09/01/20   Page 16 of 19   Document 1-1    Ex. A

| STATE OF WISCONSIN | CIRCUIT COURT | BROWN COUNTY |
|---|---|---|

**FILED**
**08-31-2020**
**Clerk of Circuit Court**
**Brown County, WI**
**2020CV000812**

Kanye West et al vs. Wisconsin Elections Commission

**Notice of Hearing**

Case No: 2020CV000812

COURT ORIGINAL

This case is scheduled for: **Telephone scheduling conference**

| Date<br>09-01-2020 | Time<br>09:00 am | Location<br>Brown County Courthouse, 2nd Floor, Room 230<br>100 South Jefferson Street<br>P O Box 23600<br>Green Bay WI 54305-3600 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>John P. Zakowski | | |
| **Re**<br>Declaratory Judgment | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

This matter will be held by telephone. Plaintiff's counsel is directed to make arrangements for a conference call including the Court in the call at 920-448-4120.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 920-448-4155 prior to the scheduled court date. Please note that the court does not provide transportation.**

Brown County Circuit Court
Date: August 31, 2020

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Gregory Martin Erickson Esq | | Electronic Notice |
| Erick Gregg Kaardal | | Electronic Notice |
| Wisconsin Elections Commission | 212 East Washington Avenue, Third Floor, Madison, WI 53703 | Mail Notice |

GF-101(CCAP), 10/2009 Notice of Hearing

This form shall not be modified. It may be supplemented with additional material.

Ex. A

Case 2020CV000812　Document 5　Filed 08-31-2020　Page 1 of 2

**FILED**
**08-31-2020**
**Clerk of Circuit Court**
**Brown County, WI**
**2020CV000812**

STATE OF WISCONSIN   CIRCUIT COURT   BROWN COUNTY

KANYE WEST, MICHELLE TIDBALL,
AND FRED KRUMBERGER

    Plaintiffs,

    v.　　　　　　　　　　　　　　　　　Case No. 2020CV0812

WISCONSIN ELECTIONS
COMISSION,

    Defendant.

## NOTICE OF APPEARANCE

    PLEASE TAKE NOTICE that, subject to and without waiving any objections to jurisdiction or to the Court's competency to proceed, Defendant Wisconsin Elections Commission appears in this matter by its attorneys Assistant Attorneys General Steve Kilpatrick and Karla Keckhaver, and requests that service of all papers be made upon Assistant Attorneys General Kilpatrick and Keckhaver as counsel of record at 17 West Main Street, Madison, Wisconsin 53703, by first class mail at Post Office Box 7857, Madison, Wisconsin 53707-7857, or via the ECF system for the Wisconsin Circuit Court System.

    Dated this 31st day of August 2020.

                                      Respectfully submitted,

                                      JOSHUA L. KAUL
                                    Attorney General of Wisconsin

                                    Electronically signed by:

                                    <u>s/ Steven C. Kilpatrick</u>
                                    STEVEN C. KILPATRICK
                                    Assistant Attorney General
                                    State Bar #1025452

                                          s/ Karla Z. Keckhaver
                                        KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Wisconsin Elections Commission

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (SCK)
(608) 264-6365 (KZK)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
keckhaverkz@doj.state.wi.us