UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KANYE WEST, MICHELLE TIDBALL, and
FRED KRUMBERGER,

    *Plaintiffs*,

v.                              Case No. 1:20-CV-1348

WISCONSIN ELECTIONS
COMMISSION,

    *Defendant*.

**MOTION TO INTERVENE BY COMPLAINANTS
BEFORE THE WISCONSIN ELECTIONS COMMISSION,
WILLIAM BRENT, III, RICHARD C. HUGHES, KEITH SMITH, & LAUREN STEVEN**

Proposed Intervenor-Defendants, William Brent, III, Richard C. Hughes, Keith Smith, and Lauren Steven ("Complainants"), by and through their counsel, Stafford Rosenbaum, LLP, hereby move the Court in accordance with Federal Rule of Civil Procedure 24 to intervene in this action as additional Defendants. In support of this Motion, Complainants state as follows:

1. On Friday, August 28, 2020, Plaintiffs initiated this action by filing their Complaint in the Brown County (Wis.) Circuit Court. On Tuesday, September 1, 2020, Defendant Wisconsin Elections Commission ("WEC") removed this case to federal court.

2. This action arises from Plaintiffs' disagreement with a decision of the WEC. After considering evidence and legal argument, the WEC concluded that nominating petitions filed on behalf of Plaintiffs Kanye West and Michelle Tidball were not filed in compliance with Wisconsin law such that Mr. West and Ms. Tidball could not be placed on the Wisconsin ballot as candidates for President and Vice President of the United States, respectively.

3. The WEC made this decision on August 20, 2020, during a public meeting, at which Plaintiffs Kanye West and Michelle Tidball were represented by counsel.

4. The impetus for the WEC's decision was a verified complaint filed on August 7, 2020, on behalf of and with verifications of all four Complainants.

5. The verified complaint was bolstered by a series of sworn affidavits and exhibits.

6. The verified complaint raised several legal shortcomings of the nomination papers submitted to the WEC on behalf of Mr. West and Ms. Tidball. These include: that the nominating petitions were filed after the statutory deadline; that approximately one dozen paid circulators provided false certifications under Wisconsin law, necessitating the disqualification of approximately 1,500 signatures submitted on behalf of Mr. West and Ms. Tidball; and that hundreds of signatures on the nominating petitions are insufficient to be counted under Wisconsin law, because they do not include the elector's voting residence, failed to legibly provide the elector's printed name, failed to indicate the elector's municipality of residence, failed to provide a proper date indicating when the elector signed the nominating petition, show that the same elector signed the nominating petitions more than once, or show that electors signed the nominating papers under fictitious names.

7. Under Wisconsin law, Mr. West and Ms. Tidball had an obligation to file a verified response by August 10, 2020. A response was filed by Mr. West and Ms. Tidball. However, that response was verified only by Ms. Tidball and not by Mr. West. This partial verification renders the response deficient under Wisconsin law, such that the WEC should not have accepted the response for filing and should not have considered any arguments presented in the response or affidavits submitted in support of the response.

8. The WEC noticed a special meeting at 3:00 pm on Thursday, August 20, 2020 to address ballot access complaints, including the one filed by Complainants.

9. On Tuesday, August 18, 2020, the WEC staff publicly released a memorandum addressed to the Commissioners. That memorandum included staff analyses of and recommendations with respect to various ballot-access complaints on the WEC's special meeting agenda.

10. The WEC staff memorandum recommended that the WEC grant in part and dismiss in part Complainants' verified complaint, and recommended that Mr. West and Ms. Tidball not be included as candidates for President and Vice President of the United States, respectively, on the November 3, 2020 ballot in Wisconsin.

11. At the WEC's special meeting, counsel for the Complainants and counsel for Mr. West and Ms. Tidball both had an opportunity to address the WEC. Commissioners then had the opportunity to ask questions of counsel and to discuss the allegations contained in and the legal contentions advanced by Complainants' verified complaint.

12. By a vote of 5-1, the WEC found that the nomination papers submitted by Mr. West and Ms. Tidball were not timely filed. On that basis, the WEC determined that the papers were not filed in accord with the statutory deadline requiring they "be filed not later than 5 p.m. on the first Tuesday in August preceding a presidential election." Wis. Stat. § 8.20(8)(am).

13. Counsel for Mr. West and Ms. Tidball argued to the WEC that the papers were submitted fourteen seconds after 5:00 p.m. But, contrary to the assertions in Plaintiffs' Complaint, the WEC expressly determined that those nomination papers were not filed until several minutes after 5:01 pm on Tuesday, August 4, 2020.

14. The WEC also voted, without any discussion or examination of evidence, to dismiss several additional issues raised in Complainants' verified complaint.

3

Case 1:20-cv-01348-WCG   Filed 09/01/20   Page 3 of 9   Document 5

15. The WEC also sustained another verified complaint, filed solely against Mr. West. That verified complaint was filed by Joseph Santeler.

16. Plaintiffs' Complaint identifies the WEC as the sole Defendant. Plaintiffs did not join Complainants, or Mr. Santeler, as a parties. Complainants now move to intervene in this action as additional defendants.

17. The Court should grant the Motion because Complainants satisfy the four-part test for intervention of right under Federal Rule of Civil Procedure 24(a)(2), which requires a "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019).

18. Here, Complainants meet all four necessary showings.

19. ***First***, Complainants timely filed this Motion. Complainants' Motion was filed within two business days of Plaintiffs' filing of the Complaint (after Plaintiffs waited more than a week to file their Complaint in response to the WEC's decision). Moreover, at this early stage in the proceedings, no court has considered or approved any actions. Therefore, there is no basis to claim that Complainants' intervention will prejudice the original parties. This Motion is unquestionably timely. *See, e.g.*, *Swenson v. Bostelmann*, No. 3:20-cv-459-wmc, Dkt. No, 38, Opinion & Order, at *3, (W.D. Wis. June 23, 2020) (holding, in exigent election-law challenge, that motion to intervene "is timely as it was filed only weeks after the lawsuit commenced and before the deadline for the current defendants to respond to the complaint").

20. ***Second***, Complainants have a "legally protectable interest in this litigation." *Lopez-Aguilar*, 924 F.3d at 391. The Seventh Circuit has embraced the Supreme Court's

4
Case 1:20-cv-01348-WCG   Filed 09/01/20   Page 4 of 9   Document 5

approach of "'encouraging liberality in the definition of an interest.'" *Id.* at 392. Complainants easily satisfy this liberal standard, because their interests are directly related to the subject of this action. Were Plaintiffs to prevail here, they would reverse the victory Complainants won before the WEC. Complainants desire to participate in this matter to protect that victory and to litigate other directly relevant issues on which they believe the WEC erred, which is more than sufficient to satisfy this prong.

21. ***Third***, Complainants are "so situated that disposing of [this] action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). The broad language of Rule 24 is "obviously designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967). Complainants "do not need to establish that their interests *will* be impaired," but must show "only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). Here, the risks to Complainants' interests are plain. As noted above, were Plaintiffs to prevail here, they would reverse the victory Complainants won before the WEC. What could be a greater practical impairment than that? Complainants need to intervene now to prevent such an impairment. Because the "very purpose of intervention is to allow interested parties to air their views so that a court may consider them *before* making potentially adverse decisions," *id.* at 345 (emphasis added), Rule 24 gives "all parties with a real stake in a controversy … an opportunity to be heard," *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972). Since Complainants brought this controversy to the WEC and carried their burden before the WEC to obtain relief, they undoubtedly have a real stake here.

22. ***Fourth***, the existing parties are not "adequate representatives of [Complainants'] interest." *Lopez-Aguilar*, 924 F.3d at 391. To satisfy this prong of the test, Complainants must show only that "the representation 'may be' inadequate"—a "'minimal'" burden. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Here, the WEC cannot adequately represent Complainants' interests. Complainants and the WEC agree on only some issues related to the nomination papers submitted on behalf of Mr. West and Ms. Tidball; even on the issues where they agree on the final outcome, Complainants and the WEC do not necessarily agree on crucial evidentiary points. Complainants have additional arguments to present—including but not limited to the insufficiency of the response to their verified complaint, the validity of signatures certified by circulators who misled electors about the purpose and meaning of the nominating papers, and the acceptability of hundreds of signatures not accompanied by legible printed names, municipalities, or dates.

23. Weighing these factors compels the conclusion that Complainants may intervene as of right under Federal Rule of Civil Procedure 24(a)(2).

24. Alternatively, Complainants should be granted permissive intervention under Federal Rule of Civil Procedure 24(b). Rule 24 is "liberally construed with all doubts resolved in favor of the proposed intervenor." *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003); *see also, e.g.*, *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011); *Clark v. Sandusky*, 205 F.2d 915, 919 (7th Cir. 1953).

25. This Court should permit Complainants "to intervene in the exercise of its own discretion if: (1) the motion is timely and (2) the applicant 'has a claim or defense that shares with the main action a common question of law or fact.'" *Democratic Nat'l Comm. v.*

*Bostelmann*, No. 20-CV-249-WMC, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020), *modified on reconsideration*, No. 20-CV-249-WMC, 2020 WL 1638374 (W.D. Wis. Apr. 2, 2020) (quoting Fed. R. Civ. P. 24(b)(1)(B)). Rule 24 "requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,'" Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood*, 942 F.3d at 803.

26. All of these considerations favor Complainants.

27. Complainants' Motion is timely, as discussed in paragraph 19 above. Nor with Complainants' intervention delay this litigation or prejudice anyone. Complainants have swiftly moved to intervene while the case is still at "a nascent stage," *100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 286 (D.D.C. 2014), and their participation will not cause delay beyond that necessary for adjudication of Plaintiffs' entitlement to the relief they seek. It is Plaintiffs who "put [the constitutionality of the laws] at issue," so they "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *ABS Global, Inc. v. Inguran, LLC*, 2015 WL 1486647, *5 (W.D. Wis. Mar. 31, 2015); *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). Complainants are willing to follow the same briefing schedule as Defendants, "which is a promise" that undermines claims of undue delay. *Emerson Hall Assocs., L.P. v. Travelers Cas. Ins. Co. of Am.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016).

28. Complainants also have "claim[s] or defense[s] that share[] with the main action a common question of law or fact.'" Fed. R. Civ. P. 24(b)(1)(B). Complainants are "uniquely qualified" to permissively intervene here because their "'interest in the litigation is the mirror-

image'" of Plaintiffs' interest. *Bostelmann*, 2020 WL 1505640, at *5 (quoting *Builders Ass'n*, 170 F.R.D. at 441).

29. Where a court has doubts, "the most prudent and efficient course of action" is to allow permissive intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, *3 (W.D. Wis. Nov. 20, 2002). This is true, in part, because "when an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review."). *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987).

30. Whether the Court grants intervention under Federal Rule of Civil Procedure 24(a) or 24(b), Complainants seek to intervene in this action so that they may be heard in all future proceedings in this case. Consequently, Complainants request this Motion be adjudicated before any further proceedings, including any briefing on or hearing about temporary relief.

WHEREFORE, Complainants William Brent, III, Richard C. Hughes, Keith Smith, and Lauren Steven respectfully request that (a) the Court set this Motion to Intervene for hearing at or before any further proceedings and (b) grant this Motion to Intervene and enter an order joining Complainants to this action as additional Defendants.

Dated: September 1, 2020.

Respectfully submitted,

By <u>Electronically signed by Jeffrey A. Mandell</u>
Jeffrey A. Mandell (SBN 1100406)
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
jmandell@staffordlaw.com
608.256.0226

*Attorney for Proposed Intervenor-Defendants,*
*William Brent, III, Richard C. Hughes,*
*Keith Smith, and Lauren Steven*