UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KANYE WEST,
MICHELLE TIDBALL, and
FRED KRUMBERGER,

        Plaintiffs,

        v.         Case No. 20-C-1348

WISCONSIN ELECTIONS COMMISSION,

        Defendant.

**DECISION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND TO STATE COURT**

Plaintiffs Kanye West, Michelle Tidball, and Fred Krumberger filed this action in the Circuit Court of Brown County, Wisconsin for declaratory and injunctive relief challenging the decision of Defendant Wisconsin Elections Commission that denied the application of West and Tidball to have their names appear as candidates for President and Vice President, respectively, on the State's ballot for the November 3, 2020, general election. Plaintiffs allege that the Commission violated state law in ruling that the nominating papers for West and Tidball were late because they were delivered to a Commission Election Specialist at approximately 14 seconds after 5 p.m. on August 4, 2020. State law requires that nomination papers be filed "not later than 5 p.m. on the first Tuesday in August preceding a presidential election." Wis. Stat. § 8.20(8)(am). Plaintiffs seek a declaration that the Commission erroneously interpreted section 8.20(8)(am) and thereby acted unconstitutionally in denying West and Tidball access to the ballot. Plaintiffs also seek an injunction enjoining the Commission to accept the nomination papers of West and Tidball as timely and directing the Commission to ensure their names appear on the November 2020 general

election ballot as candidates for President and Vice President. The Commission removed the case to this court on September 2, 2020. Plaintiffs have moved to remand the case to the Circuit Court of Brown County. For the following reasons, the court grants Plaintiffs' motion for remand.

**BACKGROUND**

Wisconsin Statute § 8.20(8)(am) provides, "[n]omination papers for independent candidates for president and vice president, and the presidential electors designated to represent them, may be circulated no sooner than July 1 and may be filed not later than 5 p.m. on the first Tuesday in August preceding a presidential election." The filing deadline here is August 4, 2020.

According to the allegations of the complaint, on August 4, 2020, Lane Ruhland, a representative of the West campaign, was in contact with the Commission staff regarding West's nomination papers, namely issues related to general compliance. The Commission staff advised Ruhland in a phone conversation that day that the Commission office's building at 212 East Washington Avenue, Madison, Wisconsin would be locked and that the second layer of double doors to the main floor of the building, which is the only access to the building, would also be locked. Staff did not advise Ruhland that the Commission's general compliance telephone number she was using was not the phone number to contact Commission staff to open the building's locked doors. Later, Commission staff instructed Ruhland that when she arrived at the building, she was to call the number found on the outside of the building and a Commission staff member would come down to the main floor to unlock the doors.

Ruhland and two other West nominating petition coordinators arrived at the Commission building before 5:00 p.m. Ruhland searched for the number outside the building to call to have Commission staff unlock the doors and get access to the building. Once she found the phone number, she called the number to gain access to the locked building before 5:00 p.m. A

2

Commission Election Specialist unlocked the inner layer of double doors on the main floor of the building and allowed Ruhland and the two other West campaign representatives access to the building. The Commission Election Specialist accepted the West nominating papers as "not later than 5 p.m." but later found the acceptance to be late based on an estimated time of delivery of 5:00.14. Plaintiffs contend that the locked doors impeded access for candidates and their supporters to timely deliver their nominating papers and that the Commission failed to keep accurate track of time when approaching the time deadline for the submission of the nomination papers.

## ANALYSIS

A defendant in state court may remove a civil action to the federal district court embracing the place where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). If original jurisdiction is lacking, the court must remand the case to state court. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The parties in this case are not completely diverse, so if federal jurisdiction exists, it must arise under 28 U.S.C. § 1331, which confers original jurisdiction on district courts over cases "arising under" federal law.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd.*

*Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (alterations omitted) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998)). The well-pleaded complaint rule allows a court to "look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008). It is well established that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015) (citation omitted).

Plaintiffs' claim in this case does not present a substantial federal question. While Plaintiffs seek a declaration that the Commission acted unconstitutionally and violated Article II, Section 1, clause 2 of the United States Constitution, that provision reads: "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors" for President and Vice President. In other words, Article II simply states that the election of federal officers is governed by state law. Plaintiffs' constitutional claim is nothing more than the allegation that the Commission violated state law. Plaintiffs assert that the Commission's interpretation and application of section 8.20(8)(am) is in error. Their dispute is over the statutory interpretation of "not later than 5 p.m." As a result, the case arises under state, not federal, law and this court lacks jurisdiction to decide it. Any decision rendered by this court would be vacated by the Court of Appeals as unenforceable and void for lack of federal jurisdiction.

That is precisely what the Sixth Circuit did in the similar case of *Skaggs v. Brunner*. There, two Franklin County voters filed a state court action against the Ohio Secretary of State and the county board of elections challenging the Secretary's finding that 1,000 provisional ballots that did not contain the printed name or signature of the voter nevertheless complied with state law. After removal, the district court denied a motion to remand the case for lack of federal jurisdiction and ordered that the disputed ballots be counted. 549 F.3d at 471–72. The plaintiffs appealed, and the Court of Appeals vacated the district court's decision for lack of jurisdiction. Although, unlike this case, the complaint in *Skaggs* expressly disclaimed any reliance on federal law, the court did not find such disclaimer controlling and carefully analyzed the possible bases for federal jurisdiction, finding each insufficient. *Id.* at 475. Notably, the court pointed out that even if the Secretary had authority to remove the action to federal court, it would likely have sought the Ohio Supreme Court's input on the meaning of these state-law provisions by certifying the questions to that court to consider them in the first instance. As the court explained:

> No federal court has the final say on what Ohio law means. Even a decision by the highest federal court, the United States Supreme Court, about the meaning of an Ohio law has no more binding authority on the Ohio Supreme Court than a decision of the Michigan Supreme Court or for that matter any other court. The threshold question in this case is what Ohio law means. And the stakes of this dispute—one federal and two state legislative races—make it quite sensible, even aside from the intricacies of the removal doctrine, to find out what the ultimate arbiter of Ohio law has to say about the matter before, rather than after, the provisional-vote-counting process has been irreversibly conducted during this election season.

*Id.* at 472; s*ee also Oliver v. Lewis*, 891 F. Supp. 2d 839, 846–47 (S.D. Tex. 2012) (remanding district attorney candidate's challenge to party's refusal to include his name on ballot to state court for lack of federal jurisdiction). The same reasoning applies here. The courts of the State of Wisconsin are the proper forum to decide issues of first impression arising under state law, even state law that governs federal elections.

5

The Commission has failed to carry its burden of demonstrating that Plaintiffs' state law claim raises a substantial federal issue. Plaintiffs' motion to remand the case to state court must therefore be granted.

## CONCLUSION

For these reasons, Plaintiffs' motion for remand (Dkt. No. 19) is **GRANTED** and the remaining motions are **DENIED as moot**. The case is hereby **REMANDED** to state court. The Clerk is directed to mail a certified copy of this order the Clerk of the Circuit Court of Brown County.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
